UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GUSTAVO ENRIQUE MADUENO
FERNANDEZ,

      Petitioner,

    v.                           Case No.:  2:26-cv-01703-SPC-NPM

U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT *et al.*,

      Respondents,

/

## OPINION AND ORDER

Before the Court are Gustavo Enrique Madueno Fernandez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Madueno Fernandez is a native and citizen of Venezuela who entered the United States on a B2 visa on September 12, 2017, and later received temporary protected status.  He has resided in the United States since 2017, though he took a brief international trip in 2024.  U.S. Citizenship and Immigration Services granted Madueno Fernandez authorization to return, and he lawfully re-entered the United States on July 27, 2024.  Madueno Fernandez currently resides in Miramar, Florida with his family.  He has a pending asylum claim, work authorization, steady employment, and no criminal record.

On May 5, 2026, Border Patrol agents arrested Madueno Fernandez during a traffic stop because of his immigration status. On May 11, 2026, Immigration and Customs Enforcement ("ICE") commenced removal proceedings by issuing a notice to appear, charging Madueno Fernandez as an arriving alien. On May 18, 2026, an immigration judge found he lacked jurisdiction to consider Madueno Fernandez's request for release on bond because of his status as an arriving alien. He remains detained at Glades County Detention Center.

Madueno Fernandez's habeas petition claims his detention without an individualized bond hearing violates the Fifth Amendment, the Immigration and Nationality Act ("INA"), and bond regulations. In response, the government claims Madueno Fernandez is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). But as the government recognizes, the Eleventh Circuit recently held that mandatory detention under § 1225(b)(2)(A) "applies only to a narrow category of applicants for admission: those seeking lawful entry into the United States." *Hernandez Alvarez v. Warden*, --- F.4th ---, 2026 WL 1243395, at *13 (11th Cir. May 6, 2026). Thus, the immigration judge's determination that he lacked jurisdiction to consider releasing Madueno Fernandez on bond is clearly wrong under the Eleventh Circuit's binding interpretation of the INA. The government argues the proper way to correct that error is appeal to the Board of Immigration Appeals. But the

government does not address the ongoing infringement of Madueno Fernandez's Fifth Amendment right to due process.

The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]"  U.S. Const. amend. V.  The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."  *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).  It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings."  *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands."  *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976).  Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh heavily in Madueno Fernandez's favor.  First, his interest in freedom from detention "lies at the heart of the liberty" the Due

3

Process Clause protects. *Zadvydas*, 533 U.S. at 690. Second, the risk of erroneous deprivation of that interest is substantial here. The government's actions have given Madueno Fernandez no opportunity to contest the reasonableness of his detention. When immigration officials admitted Madueno Fernandez into the United States in 2017 and authorized his re-entry in 2024, they necessarily found he was not a danger to the community or a flight risk, and nothing in the record suggests casts doubt on those conclusions. What is more, the Court recognizes significant value in additional safeguards, like the individualized bond hearing the government refused to conduct. Without such a hearing, there is nothing to ensure immigration detention serves is statutory purposes and is used in accordance with the laws enacted by Congress.

Third, the government has not established any legitimate interest in Madueno Fernandez's continued detention. Immigration detention has two statutory goals: to ensure the noncitizen's appearance at future immigration proceedings and to prevent danger to the community. *Zadvydas*, 533 U.S. at 690. Madueno Fernandez's detention serves neither purpose. The immigration officials who considered his circumstances in 2017 and 2024 found no need to detain him while he seeks asylum, and there is still no evidence to suggest he presents a flight risk or a danger to the community.

4

For these reasons, the Court finds that ICE is violating Madueno Fernandez's Fifth Amendment rights by detaining him without any process whatsoever.

Accordingly, it is hereby **ORDERED**:

Gustavo Enrique Madueno Fernandez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)     The respondents shall release Madueno Fernandez within **24 hours** of this Order and facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)     The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on May 28, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record

5